IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 5:02-419-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| John Singleton, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion to vacate, filed in this court pursuant to 28 U.S.C. § 2255. The Government has moved for summary judgment. Defendant has not responded to the Government's motion, despite being provided information on the propriety and necessity of so responding. For the reasons stated by the Government, which this court adopts, the court **grants** the motion for summary judgment, including as regards Defendant's Seventh ground for relief.

Defendant claims in his seventh ground for relief that neither his counsel nor the court "advised the Petitioner that he had the right to testify in his own behalf[,]" and that this violated his Due Process rights. M. to Vacate at 20 (Dkt. # 379, filed Oct. 5, 2007). Defendant's § 2255 motion is submitted under penalty of perjury.

Keir Weyble, one of Defendant's trial counsel, avers that he recollects that he and Defendant's other counsel "explained to Mr. Singleton that he had a right to testify, and discussed with him the factors favoring and disfavoring his exercise of that right. It was my impression that Mr. Singleton understood that he had the right to testify at trial, and that his decision not to do so was made knowingly and intelligently." Aff. of Keir M. Weyble at 4-5 (Dkt. # 390-3, filed Dec. 31, 2007). As noted above, Defendant has not responded in any manner to the Government's motion

for summary judgment.

At the trial of this matter, after the Government had rested its case, this court conducted a colloquy with Defendant regarding his right to testify or present other evidence:

[The Court]: Mr. Singleton, I need to ask you a few questions. Do you understand, sir, that at this time you have no burden of proof, that you have no obligation to call any witnesses or to testify and that the burden remains with the Government to prove your guilt on each of these charges beyond a reasonable doubt?

[Defendant]: Yes, ma'am.

[The Court]: Do you understand that if you choose to give up that right of silence and take the stand in your own defense that the Government will be able to cross-examine you and certain matters might come to the attention of the jury that would not otherwise come to the jury's attention?

[Defendant]: Yes, ma'am.

[The Court]: Have you had a chance to talk about pros and cons about testifying with putting up a defense with your lawyers?

[Defendant]: Yes, ma'am.

[The Court]: You have?

[Defendant]: Yes, ma'am.

[The Court]: Now, despite what their advice is to you, it is your decision, do you understand that?

[Defendant]: Yes, ma'am.

[The Court]: Have you reached your own decision?

[Defendant]: Yes, ma'am.

[The Court]: What is that decision?

[Defendant]: I don't wish to take the stand.

2

> [The Court]: You do not wish to take the stand and you do not wish to call any witnesses; is that correct?
>
> [Defendant]: Yes, ma'am.

Trial Tr. Vol. III at 170-72 (Dkt. # 356, filed Dec. 13, 2004). The court finds that the record reflects that not only did Defendant's counsel discuss the strengths and weaknesses of testifying, but also that this court reviewed the right to testify with Defendant, and that he voluntarily, knowingly, and intelligently waived his right to testify on his own behalf.

Therefore, based upon the record of this matter, the court finds that Defendant is not entitled to relief, and the Government's motion for summary judgment should be **granted** and this motion dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 21, 2008

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\02-419 USA v. Singleton order granting sumjgm.wpd