IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 5:02-419-CMC |
| v. | **OPINION AND ORDER** |
| John Singleton, | |
| Defendant. | |

Defendant filed a *pro se* motion in this court pursuant to 28 U.S.C. § 2255,[1] challenging his conviction for a violation of 18 U.S.C. § 924(j).[2] ECF No. 422. The Government filed a motion to dismiss or for summary judgment and a response in opposition on the merits. ECF No. 435, 436. Defendant filed a reply. ECF No. 450. Defendant also filed a motion to hold his § 2255 motion in abeyance pending *Sessions v. Dimaya*, which the court granted. ECF Nos. 451, 452.

### I. Background

On December 18, 2002, Defendant was charged in a Third Superseding Indictment with seven counts: 1) Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; 2) knowing use and carrying of a firearm in relation to a crime of violence, causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j); 3) felon in possession of a stolen firearm, in violation of 18 U.S.C. § 922(g); 4) conspiracy to use and carry firearms in furtherance of a crime

---

[1] Defendant received permission from the Fourth Circuit to file a successive § 2255 motion. ECF No. 421.

[2] The Federal Public Defender notified the court it reviewed Defendant's motion, and found it adequately presented his challenge to his conviction under § 924(j). Therefore, the Public Defender declined to enter the case. ECF No. 428.

of violence, in violation of 18 U.S.C. § 924(o); 5) felon in possession of a firearm; 6) possession and disposal of a stolen firearm, in violation of 18 U.S.C. § 922(j); and 7) obstruction of justice via destruction of evidence, in violation of 18 U.S.C. § 1503. ECF No. 231.

Defendant proceeded to trial and was found guilty on Counts 1, 2, 4, and 5; and not guilty on Counts 3 and 6.[3] ECF No. 288. Judgment was entered on August 19, 2004. ECF No. 341. Defendant was sentenced to a total term of Life imprisonment, consisting of 240 months as to Count 1, Life as to Count 2, 240 months as to Count 4, and 120 months as to Count 5, to run concurrently. *Id.* Defendant appealed, and the Fourth Circuit affirmed his convictions but remanded for *Booker* resentencing. ECF No. 369. An Amended Judgment was entered August 22, 2006, and Defendant was again sentenced to Life imprisonment. ECF No. 377.

## II.  18 U.S.C. § 924(c), (j)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[4]

---

[3] Count 7 was dismissed on government motion at sentencing. ECF No. 341.

[4] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

2

18 U.S.C. § 924(c)(3).

In the same statute, subsection (j) notes:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall –
1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment of any term of years or for life; and
2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

18 U.S.C. § 924(j). As subsection (j) is committed "in the course of a violation of subsection (c)," the same analysis applies in determining whether an offense qualifies as a predicate conviction under § 924(c)(3).

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, __ S.Ct. __, 2019 WL 2570623, at \*13 (June 24, 2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at \*6-\*10.

### III. Discussion

Defendant argues his substantive Hobbs Act Robbery conviction in Count 1 cannot serve as a predicate offense for his § 924(j) conviction in Count 2, as it is not a crime of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid.[5] ECF No. 422. The Government has moved for summary judgment, arguing Defendant's claim was procedurally defaulted, is untimely, and fails on the merits as Hobbs Act Robbery is categorically a crime of

---

[5] Defendant's *pro se* motion argues Hobbs Act Conspiracy does not qualify as a crime of violence under the force clause because it does not require proof of an overt act. ECF No. 422-1 at 2. However, Defendant was convicted of substantive Hobbs Act Robbery, not Hobbs Act Conspiracy. ECF No. 231 at 1-2.

3

violence under the force clause and the residual clause is not unconstitutionally vague. ECF No. 435. Defendant responded, arguing his motion was timely as it was filed within a year after *Johnson*, and the claim was not procedurally defaulted because it could not have been raised previously. ECF No. 450. He also argues the Government "constructively amend[ed] the statutory language of the Hobbs Act violation charged in Count 1 to a conspiracy to commit Hobbs Act Robbery, which no longer qualifies as a predicate crime of violence under 18 U.S.C. Section 924(c)." *Id.* at 1.

### a. Defendant's Constructive Amendment Argument

As an initial matter, the court disagrees the Government "constructively amended" the Hobbs Act Robbery charged in Count 1 from a substantive count into a conspiracy. The court has reviewed the trial transcript and determined the Government was discussing the charged conspiracy to use and carry firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 4) and a proposed Pinkerton charge for Count 2 in the transcript portions cited by Defendant, not a Hobbs Act Robbery conspiracy. Further, the discussion cited by Defendant was pre-trial and outside the presence of the jury.

> Count 1 of the Third Superseding Indictment charged:
>
> That on or about May 29, 2000, in the District of South Carolina, the Defendant John Singleton did, along with various persons known to the Grand Jury, unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the Defendant John Singleton, as both a principal and an aider and abetter, did unlawfully take and obtain cash from the Lee Mart Convenience Store and Checks for Cash and from an employee and officer of those businesses, by means of actual and threatened force, violence and fear of injury, immediate and future to the person of such employee and officer, in violation of Title 18, United States Code Section 1951 and Title 18, United States Code Section 2.

4

ECF No. 231.

As to Count 1, the Government's theory as to Defendant was aiding and abetting, or co-conspirator liability based on Count 4. The court instructed the jury as to Count 1:

> In order to prove the Defendant guilty of a violation of the Hobbs Act, the Government must prove the following three elements beyond a reasonable doubt.
> 1. That the Defendant knowingly obtained or took the personal property of another as charged.
> 2. That the Defendant took the personal property against the victim's will by means of actual or threatened force or violence or fear of injury, whether immediately or in the future; and
> 3. As a result of the Defendant's action, commerce or an item moving in commerce was delayed, obstructed, or affected in any way or degree.
>
> Criminal acts directed towards individuals, as opposed to businesses, are a violation of the Hobbs Act only if:
> 1. The acts would have depleted the assets of an individual who is directly and customarily engaged in interstate commerce or
> 2. The acts attempted would have caused or created the likelihood that the individual would deplete the assets of an entity engaged in interstate commerce, or
> 3. The sum at stake was so large that there would be some cumulative effect on interstate commerce.
>
> The Government's burden of proving the elements of this offense may be satisfied if it is proven that the Defendant is guilty of the offense charged in Count Four and that the Defendant's co-conspirators committed the crime under the circumstances described earlier or if the Defendant aided and abetted another person in committing the acts described above.

*Id.* at 234-36.[6]

The court further explained:

> In order to convict the Defendant of the charges within this Indictment, the Government must prove the elements of the charged offenses beyond a reasonable doubt. However, the Government may also prove Defendant guilty of Counts one and two of the Indictment by alternative methods as well.

---

[6] Count four of the Indictment charged conspiracy to use and carry firearms during and in relation to, and to possess firearms in furtherance of a crime of violence, said crimes being interference with commerce by robbery, in violation of Title 18 U.S.C. § 1951. *Id.* at 245.

5

First, the Government may prove a defendant legally guilty of a crime under what is commonly known as the Pinkerton or co-conspirator theory of liability. A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy, may be found to be acting as the agent of the other members of the conspiracy. The illegal actions of this person in committing this other crime may be attributed to other individuals who are then members of the conspiracy so long as those illegal actions can be deemed to have been reasonably foreseeable to those individuals. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he did not participate directly in the acts constituting the offense.

If you find that the Government has proven the Defendant guilty of conspiracy, as charged in Count Four of the Indictment, you may also find him guilty of the crimes alleged in Counts One and Two of the Indictment provided you find the essential elements of the crimes, as defined in these instructions have been established beyond a reasonable doubt, and, further, that you also find beyond a reasonable doubt that:

1. The substantive offense alleged was committed by a member of the conspiracy.
2. The substantive crime was committed during the existence or life of and in furtherance of the goals of the conspiracy.
3. At the time this offense was committed the Defendant was a member of the conspiracy, and
4. The substantive offense was reasonably foreseeable as within the scope of the conspiracy.

Second, a person may violate the law even though he or she does not personally do each and every act constituting the offense if that person aided and abetted the commission of the offense.

Section 2(A) of Title 18 of the United States Code provides whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the Government prove beyond a reasonable doubt that the Defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit a crime.

In order to be found guilty of aiding and abetting the commission of any crime charged in the Indictment, the Government must prove beyond a reasonable doubt that the Defendant:

1. Knew that the crime charged was to be committed or was being committed.
2. Knowingly did some act for the purpose of aiding, commanding or encouraging the commission of that crime, and
3. Acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or abetter to the crime, the Government must also prove beyond a reasonable doubt that someone committed

6

> each of the essential elements of the offense charged as detailed for you in these instructions.
> Merely being present at the scene of the crime or merely knowing a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.
> The Government must prove that the Defendant knowingly and deliberated [*sic*] associated himself with the crime in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

*See* Trial Tr. at 229-32.

The charge in Count 1 was substantive Hobbs Act Robbery, and the charge in Count 4 was conspiracy to commit a violation of § 924(c), in violation of §924(o). The conspiracy count was not the robbery count, but a firearms count. The jury was instructed that Defendant could be found guilty of substantive Hobbs Act Robbery one of two ways: if he was proved to have aided and abetted the robbery, or if he was proved guilty of the firearms conspiracy in Count 4 and his co-conspirators committed the Hobbs Act Robbery in Count 1. The verdict form shows guilty verdicts on Counts 1 and 4. ECF No. 288. Accordingly, there was no constructive amendment of the Hobbs Act Robbery charge in the Indictment. Defendant was convicted of substantive Hobbs Act Robbery, not conspiracy to commit Hobbs Act Robbery.

### b. Is Hobbs Act Robbery a violent felony under § 924(c)(3)(A)?

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

7

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[7], all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz,* 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).

---

[7] The Fourth Circuit has two cases pending, which were held in abeyance pending *Davis*, in which the issue of substantive Hobbs Act Robbery and § 924(c) may be addressed. *See United States v. Thorpe*, No. 17-4229; *United States v. Melvin*, No. 17-4236. The Fourth Circuit has also held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury."). Although the Fourth Circuit initially held North Carolina robbery not violent, see *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), that case has been abrogated by *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544 (2019), as recognized in *United States v. Dinkins*, __ F.3d __, 2019 WL 2722570 (4th Cir. July 1, 2019).

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A), the force clause.  Therefore, Defendant's § 924(j) conviction properly rests upon his substantive Hobbs Act Robbery conviction.[8]

**IV.  Conclusion**

Defendant's challenge to his conviction under § 924(j) fails because the § 924(j) conviction is predicated on substantive Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A).  The Government's motion for summary judgment (ECF No. 436) is granted and Defendant's § 2255 motion (ECF No. 422) is hereby **dismissed with prejudice**.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[8] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or based on procedural default.  However, the court need not reach these arguments, as it has determined that Defendant's conviction for § 924(j) stands.

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
July 31, 2019